Filed:  January 9, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-4411
(CR-99-99-3)

United States of America,

Plaintiff - Appellee,

versus

Charlie Patterson Taylor,

Defendant - Appellant.

O R D E R

The court amends its opinion filed December 27, 2000, as follows:

On the cover sheet, section 2 -- the appellant's name is corrected to read "Charlie Patterson Taylor."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4411

CHARLIE PATTERSON TAYLOR,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-99-3)

Submitted: October 31, 2000

Decided: December 27, 2000

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Robert N. Pollard, III, AFFILATED ATTORNEYS, INC., Richmond,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Richard B. Campbell, Special Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Charlie Patterson Taylor pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (1994), and possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (1994), and was sentenced to two consecutive sixty-month prison terms, followed by five years of supervised release.

Taylor's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying his motion to suppress evidence obtained as the result of an automobile search. Counsel concedes, however, that there are no meritorious issues for appeal. Taylor has filed supplemental pro se briefs in which he also claims that: (1) his plea was not made knowingly and voluntarily, (2) that he was denied due process because the government did not prove that the substance involved was crack cocaine as opposed to cocaine powder; and (3) his conviction and sentence with respect to count three must be vacated in light of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. ___, 120 S. Ct. 2348 (2000).

Taylor pleaded guilty without conditioning his plea on the right to appeal any pretrial rulings. Therefore, he has waived his right to appeal the denial of his motion to suppress. United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Taylor claims in his supplemental pro se brief that his plea was not knowing and voluntary because he was not aware that he was pleading guilty to possession of crack cocaine as opposed to powder cocaine and because there was no factual basis to support the firearms conviction.

2

A guilty plea must be a voluntary and intelligent choice among the alternative choices of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Here, the district court conducted a standard plea colloquy under Fed. R. Crim. P. 11. Taylor agreed that he understood the plea proceedings and that the stipulated factual summary was accurate. Taylor's claim that he was unaware he was pleading guilty to crack cocaine as opposed to powder cocaine is clearly belied by the record. The indictment and the plea agreement both refer to crack cocaine. And, at the plea hearing, the district court informed Taylor that "Count 3 charges you with possession with intent to distribute crack cocaine." Taylor stated that he understood the nature of the charge and the minimum and maximum penalties.

Taylor also challenges the factual basis to support the § 924(c) conviction under Bailey v. United States, 516 U.S. 137 (1995). Taylor stipulated that he possessed a quantity of crack and heroin in amounts consistent with the intent to distribute. Police found a .38 caliber revolver in his car. This evidence is sufficient to sustain a § 924(c) conviction. See United States v. Mitchell, 104 F.3d 649 (4th Cir. 1997). Based on this record, we find that Taylor's plea was knowing and voluntary.

Next, Taylor contends that the district court erred at sentencing because the government did not prove that the substance involved was crack cocaine as opposed to cocaine powder. We decline to consider this argument because Taylor waived his right to appeal his sentence on this basis. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Finally, Taylor challenges his conviction and sentence on count three under Apprendi v. New Jersey. Because Taylor received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C. § 841(b)(1)(C) (West 1999), Apprendi does not apply. See United States v. Angle, 2000 WL 1515159 (4th Cir. Oct. 12, 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000).

In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal.

3

Accordingly, we dismiss Taylor's appeal with respect to the denial of his motion to suppress and his challenges to the calculation of his sentence and affirm his conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART; AFFIRMED IN PART</u>

4